IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY A. THOMAS,<br><br>Claimant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>Respondent. | No. 17 C 00241<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

Claimant Sherry A. Thomas ("Claimant") seeks review of the final decision of Commissioner of Social Security ("Commissioner"), denying Claimant's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7.] The parties have filed cross-motions for summary judgment [ECF Nos. 23 and 27] pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 23] is granted, and the Commissioner's Motion [ECF No. 27] is denied. This matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

### I. PROCEDURAL HISTORY

Claimant filed her claims for DIB and SSI on December 2, 2013. (R. 29.) In both applications, Claimant alleged disability beginning November 6, 2013. (*Id.*) The applications were denied initially and upon reconsideration, after which Claimant requested an administrative

hearing before an administrative law judge ("ALJ"). (*Id.*) On January 15, 2016, Claimant, represented by counsel, appeared at a hearing before ALJ Patricia Witkowski Supergan. (R. 47–58.) At that time, the ALJ heard testimony from medical expert ("ME") Sheldon Slodki, M.D. (*Id.*) The hearing was then postponed so that Claimant and her attorney would have time to obtain additional medical records. (R. 29, 57.) On April 7, 2016, Claimant appeared and testified before ALJ Supergan at a supplemental administrative hearing. (R. 59–93.) The ALJ also heard testimony from ME James McKenna, M.D., and vocational expert ("VE") Pamela Tucker. (*Id.*)

On June 9, 2016, the ALJ denied Claimant's claims for DIB and SSI, based on a finding that she was not disabled under the Act. (R. 29–39.) The opinion followed the five-step evaluation process required by Social Security Regulations. 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since her alleged onset date of November 6, 2013. (R. 31.) At step two, the ALJ found that Claimant had the severe impairments of status post breast cancer with lumpectomy and node dissection, lymphedema, DeQuervains tenosynovitis, asthma, hypertension, and obesity. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P., Appendix 1. (R. 33.) The ALJ then assessed Claimant's residual functional capacity ("RFC")[1] and concluded that Claimant had the ability to perform light work with the following limitations:

> [Claimant] can occasionally climb ramps and stairs but never ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, and never crawl. She can frequently reach in all directions and frequently push and pull with left upper extremity but cannot reach overhead with the left upper extremity. She can frequently handle finger and feel with the left upper extremity. There are no limitations on use of the right upper extremity. She can tolerate occasional exposure to and work around extreme cold and heat, wetness, and humidity. She

---

[1] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

2

cannot work around fumes, gases and other pulmonary irritants or hazards such as moving machinery or unprotected heights. She can perform simple routine tasks requiring no more than short simple instructions and simple work related decision making with few work place changes.

(R. 33.) At step four, the ALJ determined that Claimant was unable to perform any of her past relevant work. (R. 38.) Finally, at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Claimant could perform, such as office helper, mail clerk, or inspector/packager. (R. 38–39.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R. 39.) The Appeals Council declined to review the matter on November 21, 2016, making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. (*Id.*) Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 42 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be

3

upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## III. ANALYSIS

On appeal, Claimant alleges that the ALJ improperly assessed her subjective symptom statements and credibility and failed to support her RFC with substantial evidence. [ECF No. 23, at 12–21.] For the reasons discussed below, the Court agrees with Claimant on the record presented.

A.  **Symptom Evaluation**

Because an RFC assessment often will "depend heavily on the credibility of [a claimant's] statements concerning the 'intensity, persistence and limiting effects' of [his] symptoms," the Court first addresses Claimant's argument that the ALJ improperly analyzed her statements about her subjective symptoms and related limitations. *See Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano*, 556 F.3d at 562 (citations omitted); *see also* 20 C.F.R. § 404.1529(c); Social Security

4

Ruling ("SSR") [2] 16-3p. An ALJ may not discredit a claimant's testimony about her symptoms "solely because there is no objective medical evidence supporting it." *Villano*, 556 F.3d at 562 (citing 20 C.F.R. § 404.1529(c)(2)); *see also Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006) ("The administrative law judge cannot disbelieve [the claimant's] testimony solely because it seems in excess of the 'objective' medical testimony."). Even if a claimant's symptoms are not supported *directly* by the medical evidence, the ALJ may not ignore *circumstantial* evidence, medical or lay, which does support a claimant's credibility. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003). SSR 16-3p requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, at *4.

The Court will uphold an ALJ's subjective symptom evaluation if the ALJ gives specific reasons for that finding, supported by substantial evidence. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). The ALJ's decision "must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations." *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) (citation omitted). "Without an adequate explanation, neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony is weighed." *Id.*

---

[2] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

On the record presented, the Court finds that the reasons provided by the ALJ for rejecting Claimant's subjective symptom statements are legally insufficient and not supported by substantial evidence, warranting remand on this issue. *See Ghiselli v. Colvin*, 837 F.3d 771, 778–79 (7th Cir. 2016).

First, the Court is particularly troubled by the ALJ's focus on Claimant's objective medical findings without adequate explanation of why Claimant's reports of pain should be dramatically discounted. The ALJ expressly stated that she weighed the medical record more heavily than Claimant's subjective symptom statements: "review of the medical records indicates that the claimant's symptoms and complaints are not supported by objective findings. *Absent such objective findings, the claimant's testimony and allegations are not enough to support a finding of disability.*" (R. 34) (emphasis added). The ALJ spent a great deal of time reviewing and summarizing Claimant's medical records. She spent much less time explaining why Claimant's complaints of "joint pain" and "[inability] to sleep due to pain" (R. 34), including reports to her physician of pain (R. 37), and frequent falls and instability sometimes resulting in injury (R. 22, 37), should be minimized or discounted in view of the ALJ's reading of Claimant's objective medical findings.[3]

An ALJ may not discount a claimant's symptom statements "solely because they are not substantiated by objective evidence." SSR 16-3p, at *5; *see Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (finding that "the ALJ erred in rejecting [the claimant's] testimony on the basis that it cannot be objectively verified with any reasonably degree of certainty."). "This is particularly true with allegations of pain." *House v. Berryhill*, 2018 WL 3022678, at *3 (N.D. Ill.

---

[3] Claimant also reported to her treating physician, Dr. Marvin Zelkowitz, that she was experiencing pain, numbness, and tingling in her legs, feet, and hips as he documented in his treatment notes in November and December 2015. (R. 1251, 1252.) The ALJ cited to these treatment notes in her opinion (R. 36) but did not mention the reports of pain.

June 18, 2018); *see also Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015) ("The administrative law judge's most serious error, one we've noted in previous cases, is her belief that complaints of pain, to be credible, must be confirmed by diagnostic tests.") (citations omitted); *Pierce v. Colvin*, 739 F.3d 1046, 1049–50 (7th Cir. 2014) ("An ALJ may not discount a claimant's credibility just because her claims of pain are unsupported by significant physical and diagnostic examination results.").

Here, the ALJ erred by "inappropriately rest[ing] [her] credibility determination too heavily on the absence of objective support." *Pierce*, 739 F.3d at 1050. While it is true, as the ALJ points out, that Claimant's medical treaters often mentioned improvement in her objective clinical findings, such as swelling or edema in her extremities, the ALJ did not credit Claimant's reports of pain or explain why she did not do so other than to say they were inconsistent with Claimant's objective medical findings. In the Court's view, given the case law cited above, the ALJ must do more to explain why she completely discounted Claimant's reports of pain on this record. Without such a "logical bridge," the Court cannot assess the validity of the ALJ's analysis. *See Villano*, 556 F.3d at 562.

Next, although the ALJ briefly described Claimant's testimony about her limited daily activities, she did not explain whether Claimant's daily activities were consistent or inconsistent with the pain and other limitations she claimed to be experiencing. *See Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011) ("[An ALJ] must explain perceived inconsistencies between a claimant's activities and the medical evidence."); *Ghiselli*, 837 F.3d at 778 (finding error when ALJ did not "identify a basis for his conclusion that the life activities [claimant] reported were inconsistent with the physical impairments she claimed"); *Hughes v. Astrue*, 705 F.3d 276, 278–79 (7th Cir. 2013) (finding that the ALJ improperly discounted claimant's allegations by failing to recognize

that performing daily activities out of necessity can still cause pain). Rather, the ALJ appears to have ignored or at least given very short shrift to the numerous qualifications Claimant described as limiting her ability to engage in her daily activities. *See Moss*, 555 F.3d at 562 ("An ALJ cannot disregard a claimant's limitations in performing household activities.").

For example, the ALJ failed to address at all Claimant's testimony about the extensive limitations she experienced in something as simple as grocery shopping. While Claimant testified that she could shop for groceries, she also reported that she needed to be driven to the store, needed help getting out of the car, needed help lifting items from shelves, required rest while walking around, and needed assistance carrying the groceries out of the store and loading them into the car. (R. 407, 409, 411, 416, 432.) While an ALJ need not discuss or give great weight to every piece of evidence in the record, she "must confront the evidence that does not support [her] conclusion and explain why it was rejected." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

The ALJ further discounted Claimant's subjective allegations because, while she appeared at the hearing with a cane, there is "little mention of this cane in the record." (R. 36.) The Court fails to see how limited record notations about Claimant's use of a cane somehow casts doubt on Claimant's overall credibility. Further, the ALJ seems to have misread the record in this respect. The ALJ noted that Claimant's treating physicians said they observed Claimant with the cane at a November 2015 neurological evaluation[4] and a December 2015 physical therapy evaluation and "there is no other mention of the cane in the record." (R. 36, 1252, 1322.) But these are not the only instances where Claimant's use of a cane appears in the record. A note from Claimant's January 2016 office visit with her primary care physician also reflects the use of a prescription cane. (R. 1177.) The use of a cane also is reflected on medications lists and recent medical

---

[4] In the decision, the ALJ incorrectly stated that the record from the December 2015 neurological evaluation mentioned Claimant's cane. (R. 36.)

8

treatment forms submitted to the Agency in October 2015 and December 2015 (R. 462, 464, 469, 470.) To the extent the ALJ believed Claimant was attempting to curry favor or sympathy by coming to the hearing with a cane when her need for or use of a cane was not reflected in her medical records, that is not an inference that the record as a whole supports.

In sum, the ALJ failed to "build an accurate and logical bridge from the evidence to [his] conclusion." *Steele*, 290 F.3d at 941 (internal quotation omitted). This prevents the Court from assessing the validity of the ALJ's findings and providing meaningful judicial review. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). While the Court does not hold that the ALJ should have accepted Claimant's allegations completely and without question or analysis, the foundation underlying her assessment was inadequate particularly to the extent the ALJ appears to have placed conclusive weight on the objective medical findings and discounted significantly or ignored Claimant's subjective symptom statements.

**B.     Other Issues**

Because the Court is remanding only on the errors identified above, it need not explore in detail the other arguments posited by Claimant on appeal since the analysis would not change the result in this case. The Commissioner, however, should not assume that the Court agrees with the ALJ's analysis of those issues. Similarly, Claimant should make no assumptions either. Rather, it is simply unnecessary for the Court to lengthen this Memorandum Opinion and Order by addressing Claimant's other arguments in a case that is being remanded anyway.

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 23] is granted, and the Commissioner's Motion [ECF No. 27] is denied. The decision of the


Commissioner is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 20, 2018